**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JAM AGUIAR,

       Plaintiff,

                                    CASE NO.: 2:18-CV-00116-SPC-MRM

vs.

REAL MONARCA INC, a Florida Profit
Corporation, d/b/a MONARCA'S
AUTHENTIC MEXICAN CUISINE BAR
& GRILL, and GUILLERMO CUEVAS,
Individually,

       Defendants.       /

**RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**
**AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE**
**AND INCORPORATED MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Plaintiff JAM AGUIAR ("Plaintiff") and Defendants REAL MONARCA INC, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL, and GUILLERMO CUEVAS ("Defendants") (collectively, the "Parties") renew their joint motion for the Court to approve the settlement agreement entered into in this action (the "Agreement" or the "Settlement Agreement") and entry of an order of dismissal with prejudice.  The Court entered an Order on March 22, 2019 [D.E. 37], indicating that it could not approve the settlement because of a discrepancy between the Parties' Settlement Agreement and the payment schedule, wherein the Agreement indicated that 50% of monies would be allocated as wages, and 50% a liquidated damages, but the payment schedule did not reflect that agreement.  The Agreement is correct, and there was a clerical error in the settlement payment chart.  This error has been corrected, and the payment schedule attached to Exhibit A to this Motion reflects the correction.  The remainder

of this Motion is, in all material aspects, identical to the initial Motion for Approval. As such, the Parties respectfully renew their request for approval of their Settlement Agreement.

The parties have exchanged pay and time records, and the Parties have engaged in extensive settlement negotiations, including a full-day mediation with an experienced mediator. The Parties planned to conduct depositions if the case did not resolve, and Plaintiff's written discovery was pending at the time of resolution. As a result, the Parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a reasonable compromise of Plaintiff's claims, in light of the proof required and Defendants' defenses to Plaintiffs' claims. The Court's approval and entry of an order of dismissal with prejudice will consummate the Agreement between the Parties. The grounds for this joint motion are set forth below.

## II. FACTUAL BACKGROUND

1. Plaintiff's Complaint was filed on February 21, 2018, alleging that Defendants violated the FLSA by failing to pay Plaintiff the proper minimum wage and overtime compensation. Plaintiff sought the full range of remedies afforded under the FLSA.

2. The parties have a bona fide dispute under the FLSA. Defendants assert that Plaintiff worked any overtime hours for which he was not compensated. Defendant also contended that Plaintiff was exempt as a supervisor under the FLSA. Plaintiff contends that he was not paid for overtime hours when he was an hourly employee, and was thereafter misclassified as an exempt employee, because he did not supervise two or more employees.

3. Through their respective counsel, the Parties engaged in extensive settlement negotiations. These negotiations took place at the same time as negotiations of a related matter, *Lopez et al v. Real Monarca Inc. et al., case No.: 2:17-CV-00442-SPC-UAM*, which involved a

collective of servers at the same restaurant. At the conclusion of several months of arms-length negotiations, including a full day of mediation before experienced employment mediator, Denise Wheeler Wright, the Parties reached an agreement as to the material terms of the settlement. The terms of the settlement reached between the Parties were memorialized in the Agreement attached hereto as **Exhibit A**.[1] Under the terms of this Agreement, Mr. Aguiar will receive $18,000.00, representing an equal amount of wages and liquidated damages under the FLSA.

4. Finally, the Parties separately negotiated the attorneys' fees to be paid. The amount negotiated to be paid to Plaintiffs' attorneys is $17,000.00, which includes attorneys' fees for litigating the collective matter. The amount of the fees for both cases was determined separately and after the amounts to be paid to Mr. Aguiar and the participants in the related collective action.

5. Courts have recognized that approval of FLSA settlements is warranted when the settlement is fair and reasonable. Thus, here, the Court may approve the Parties' Settlement Agreement. In this case, there were multiple disputed issues among the Parties, and the settlement negotiated and reached by the Parties nonetheless provides all of those who are releasing their claims with relief that is reasonable in light of the claims raised and proof offered. Had Plaintiff continued to litigate this matter, he could have received all of the monies to which he claimed entitlement, or could have received no monies if a jury credited Defendants' testimony that he did not work uncompensated overtime hours and/or was an exempt employee.

As such, the Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

**MEMORANDUM OF LAW**

---

[1] This Agreement also contains the terms of the settlement of the Lopez matter, as the mediations were conducted jointly, after the parties and counsel determined that individual resolution of the claims would not be possible given Defendants' financial condition.

### A. THIS COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT BECAUSE THE AGREEMENT IS A REASONABLE COMPROMISE OF CLAIMS.

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, in reaching a settlement, the parties may present the district court with a proposed settlement, and the district court may enter an order approving the fairness of the settlement, and dismissing the case. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. Thus, when presented with a motion to approve a settlement agreement, the district court must scrutinize the settlement to ensure that it is a fair and reasonable resolution of a bona fide dispute. *See Roldan v. Windhover Ass'n, Inc.*, No. 6:06-cv-1097-0r1-28JGG, 2007 WL 778958, at *3 (M.D. Fla. Mar. 9, 2007) (recognizing that, when determining whether a settlement is fair and reasonable, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery

4

completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Here, the Parties' Settlement Agreement is fair and reasonable because it involves disputed claims, and because it was reached after the Parties exchanged extensive documents and information bearing on the Plaintiffs' claims, after the Parties received legal advice from their counsel who analyzed the legal and factual issues involved in the case, and after the Parties negotiated a mutually satisfactory resolution of the disputed claims including through a full day of mediation before an experienced mediator.  Based on the disputed testimony, Plaintiff faced a realistic possibility that even if successful on his claims, a jury might award damages for only a portion of the damages Plaintiffs claimed, or no damages at all.  Defendant, too, faced the possibility that Plaintiff would be awarded all of the damages claimed.  As such, the certain relief afforded by this settlement, prior to further extensive discovery, and without the perils and uncertainties of continued litigation, is in the best interests of all Parties to this matter.

      **i.**      **The Parties' Settlement Is Fair and Reasonable Given the Disputed Issues in the Case and the Considerable Expense of Additional Litigation.**

Because of the disputed issues involved in proving or refuting the Plaintiff's claims, as described above, as well as Defendants' financial condition, which requires Defendant to pay the amount of the settlement reached over the course of nineteen months, the Parties agreed that there was significant risk, on both sides, in proceeding with litigation.  This is also a reasonable compromise in light of Defendants' position that the Plaintiff did not work the number of uncompensated overtime hours claimed and was exempt from the requirement to pay overtime.

When considering whether to approve a settlement under the FLSA, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton,*

5

559 F.2d 1326, 1331 (5th Cir.1977); *see also Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007). In other words, a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton,* 559 F.2d at 1330.

      **ii.    The Parties' Settlement Agreement Is the Product of Detailed Analysis and Negotiation, Not Collusion.**

After the Parties had an opportunity to review each other's documents, their attorneys began negotiating a resolution of the FLSA claims. Defendant initially offered less than $5,000 to settle the Plaintiff's claims, inclusive of attorneys' fees. The Parties' counsel engaged in negotiations, including a full day of mediation with an experienced mediator, based upon their independent calculations of the value of the claims and the evidence supporting their respective positions. As a result of the prolonged negotiations following this initial positioning, Defendants have agreed to pay significantly more than they initially offered, and to pay Plaintiff's attorneys' fees separately, in an amount that did not reduce the recovery to Plaintiff. By all accounts, the Parties have agreed to a fair and reasonable settlement amount, and, likewise, a fair and reasonable allocation of the settlement amount.

The Plaintiff has been independently represented and counseled by his attorney, Angeli Murthy of Morgan & Morgan, P.A., who was obligated to and did, in fact, vigorously represent them throughout the litigation and the settlement process. Plaintiff was present at the full-day mediation and agreed to the final terms of this resolution. Thus, there is no suggestion that the settlement is the product of collusion. Rather, the settlement is based on detailed analysis, negotiation, and legal advice. In light of the uncertainty of success and the considerable expense

6

of further litigation, the Parties' settlement is entirely fair and reasonable and should be approved by this Court.

### B. COUNSEL'S FEES WERE NEGOTIATED SEPARATELY, AND AFTER RESOLUTION OF PLAINTIFF'S UNDERLYING CLAIM.

The FLSA has a fee-shifting provision which provides that reasonable attorneys' fees and costs should be awarded to a prevailing party. 29 U.S.C. § 216(b). The federal courts have long recognized the importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 183 (11th Cir. 1987) (FLSA's fee recovery provision is not collateral to the merits of an FLSA lawsuit, but rather, is an "integral part of the merits" of the lawsuit). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 4 (1976), 1976 U.S.C.C.A.N. at 5912).

Here, the Parties have negotiated the amount of attorneys' fees separately from the amounts to be paid to the Plaintiff (and the Plaintiffs in the related matter) in the Settlement and only after agreeing to the amounts of Plaintiff (and the Plaintiffs in the related matter), and the Parties agree that the amount of fees paid to the Plaintiffs' counsel under the Parties' Agreement is fair and reasonable. As such, it is appropriate for the Court to approve the Agreement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222 (M.D. Fla. 2009) (the court can ensure "that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered[,]" and "[i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." As such, " if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons

7

considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel"); *Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *3-4 (M.D. Fla. Dec. 26, 2006) (The FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling an individual action). Here, there has been a reasonable compromise, and Plaintiff's counsel's fee was negotiated separately and, thus, the Court may approve the Agreement without delay.

## CONCLUSION

WHEREFORE, the Parties respectfully submit that this Court should approve the Parties' Settlement Agreement, and dismiss this action with prejudice, with each party to bear its own attorney's fees except as agreed to by the Parties in writing.

Respectfully submitted this 25th day of March, 2019.

| /s/ Angeli Murthy | /s/ Jason L. Gunter |
|---|---|
| Angeli Murthy, Esquire | Jason L. Gunter, Esquire |
| Florida Bar No.: 088758 | Florida Bar No. 0134694 |
| amurthy@forthepeople.com | Conor P. Foley, Esquire |
| MORGAN & MORGAN, P.A. | Florida Bar No. 111977 |
| 600 N. Pine Island Road | GUNTERFIRM |
| Suite 400 | 1514 Broadway, Suite 101 |
| Plantation, Florida 33324 | Fort Myers, Florida 33901 |
| Telephone: (954) 318-0268 | Telephone: (239) 334-7017 |
| Facsimile: (954) 327-3016 | Facsimile: (239) 236-8008 |
| *Trial Attorneys for Plaintiff* | Email: jason@gunterfirm.com; Email: conor@gunterfirm.com |
| | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 25th day of March, 2019, which I understand will send notification of same to all counsel of record.

                                               **/s/ ANGELI MURTHY**
                                               ANGELI MURTHY, ESQ.